THOMAS F. WILLMORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32850.   Promulgated February 6, 1930.

*W. S. Pritchard, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

### MEMORANDUM OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1925 in the amount of $1,050.43. In his pleading, the petitioner assigned as error (1) that the respondent failed correctly to determine his true taxable gain for the year in question, (2) that the respondent erred in disallowing deductions for " traveling expense " in the amount of $200 and " auto expense " in the amount of $865, and (3) that the respondent should have taken into consideration, in computing taxable gain, an " actual loss " sustained by the petitioner during the year 1924.

At the hearing, petitioner abandoned his contentions with respect to deductions for " traveling expense " and " auto expense," and no evidence was offered in reference to the 1924 loss. This leaves for consideration here only the first issue, which calls in question the correctness of the respondent's action in adding to the petitioner's taxable income profits from the sale of real estate in Florida, claimed

by the petitioner's wife as her separate income and so reported in her individual return.

The petitioner and his wife removed to Florida in 1924, and resided in that State during the taxable year 1925. The petitioner acquired certain real estate in which his wife claimed no separate interest. His wife purchased with her own funds certain other real estate, in which the petitioner claimed no interest. Still other parcels of real estate were purchased with funds contributed by both, and in which each owned a one-half interest. The petitioner reported in his individual return all profits derived from the sale of the property claimed separately by him and one-half of the profits from the sale of the property acquired with the funds contributed by both. His wife made an individual return in which she reported income on the same basis. In computing the deficiency here involved, the respondent included in the petitioner's income " profit from the sale of real estate $11,856.23 " as representing that part of the profits reported by the petitioner's wife.

It is not clear from the record whether said amount of $11,856.23, added to the petitioner's income by the respondent, comprises only one-half of the profit reported by the wife from the sale of property purchased in part with her funds, or whether it includes also the profit reported by her from the sale of real estate for the purchase of which she furnished the entire funds. No briefs were filed, and the only information we have respecting the respondent's contention or position in this case is contained in the statement attached to the deficiency letter, as follows:

> It is contended, in view of the absence of any partnership laws between husband and wife appearing on the Florida statutes, that you did not have a prerogative to file separate returns, therefore, the entire amount of profit realized from the sale of real estate has been included in your return.

We think that the evidence, however, supports the finding that no part of the profit from the real estate involved in this proceeding, which was reported in the return of petitioner's wife, belonged to the petitioner. It was either from the property owned by the wife or from property in which she had a half interest.

Under the laws of Florida, a married woman may invest her separate estate in a commercial enterprise or in real estate, and the resulting property is her separate estate. The income therefrom, when reported in her individual return, may not thereafter be taxed to the husband. *Jerry Galatis*, 8 B. T. A. 213, and authorities cited. It is, therefore, not necessary for us to decide the question as to whether the petitioner and his wife were partners under the laws of Florida.

The precise question presented in the instant case was considered and decided by us in *Jerry Galatis*, *supra*, and on authority of that

decision we hold here that the property purchased solely with the funds of the petitioner's wife, as well as the one-half interest acquired in other property in part with her funds, together with the profit derived from the sale of such property, constituted her separate estate. The income, therefore, was properly reported in her individual return, and may not be taxed to her husband, the petitioner herein. The deficiency will be redetermined accordingly.

*Judgment will be entered under Rule 50.*